UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN M.F. CHARLES, Esq., | |
| Plaintiff, | CIVIL ACTION NO. 1:22-cv-01526 |
| v. | (WILSON, J.) |
| | (SAPORITO, M.J.) |
| PAUL J. MIOVAS, Esq., | |
| Defendant. | |

## MEMORANDUM

This is a fee-paid federal civil rights action, brought by a licensed attorney proceeding *pro se*. The plaintiff, Nathan M.F. Charles, brings this civil rights action for damages against his former supervisor, Paul J. Miovas, under 42 U.S.C. § 1983, claiming deprivation of his fundamental right to interstate travel and his fundamental right to live with his family. Miovas has moved to dismiss the action for failure to state a claim upon which relief can be granted. (Doc. 9.) That motion is currently in the midst of briefing.

But this is not the first time we have entertained this dispute. The newly filed complaint in this action is a nearly verbatim copy of an amended complaint filed by the plaintiff in a prior action, *Charles v. Miovas*, Case No. 1:21-cv-01549 (M.D. Pa. dismissed June 24, 2022). In

that prior action, the plaintiff brought the very same claims against the very same defendant. The defendant moved to dismiss the amended complaint in that prior action for failure to state a claim upon which relief can be granted. After briefing was complete, we entered a report recommending that the defendant's motion be granted and all of the plaintiff's claims be dismissed for failure to state a claim. We further recommended that those claims be dismissed *without* leave to amend because any amendment would be futile. The plaintiff filed an objection to our report and recommendation, and the defendant filed a response to that objection.

While the defendant's motion and our report remained pending before the court, awaiting a ruling by the presiding United States district judge, the plaintiff filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. As a consequence, the prior action was dismissed without prejudice as a matter of course, prior to a definitive ruling on the defendant's motion to dismiss and our report and recommendation.

Now, only a few months later, the plaintiff has returned to court, filing the complaint in this action on September 30, 2022. As noted above,

this newly filed complaint is a nearly verbatim reproduction of the amended complaint in the prior, voluntarily dismissed action. The newly filed complaint asserts the very same claims against the very same defendant as were asserted in the prior action voluntarily dismissed by the plaintiff.

As a consequence, the provisions of Rule 41(d) of the Federal Rules of Civil Procedure are implicated. This rule provides that:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d). Moreover, in a recent decision interpreting this rule, the Third Circuit has held that the term "costs" in Rule 41(d) may include attorney fees where the underlying statute defines "costs" to include attorney fees. *See Garza v. Citigroup Inc.*, 881 F.3d 277, 283–84 (3d. Cir. 2018).

Here, the plaintiff has brought his claims—in both actions—against the defendant under 42 U.S.C. § 1983. In civil actions to enforce § 1983, Congress has seen fit to expressly define "costs" to include reasonable

attorney fees incurred by a prevailing party—either plaintiff *or* defendant. *See* 42 U.S.C. § 1988(b). "A plaintiff may be liable for attorneys' fees under § 1988 when 'a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly becomes so.'" *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990) (quoting *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 422 (1978)); *see also Fox v. Vice*, 563 U.S. 826, 834–35 (2011); *Nash v. Reedel*, 86 F.R.D. 16, 17–18 (E.D. Pa. 1980). Moreover, "if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Christiansburg Garment Co.*, 434 U.S. at 422 (emphasis in original); *see also Nash*, 86 F.R.D. at 18 (considering also whether plaintiff brought suit to "harass, embarrass, or abuse" the defendant).

Accordingly, on the court's own motion, we will consider whether the plaintiff should be ordered to pay all or part of the costs incurred by the defendant in connection with the prior voluntarily dismissed action, including reasonable attorney fees, if justified. The parties will be directed to file briefs on this issue, including any supporting affidavits or

attorney fees incurred by a prevailing party—either plaintiff *or* defendant. *See* 42 U.S.C. § 1988(b). "A plaintiff may be liable for attorneys' fees under § 1988 when 'a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly becomes so.'" *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990) (quoting *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 422 (1978)); *see also Fox v. Vice*, 563 U.S. 826, 834–35 (2011); *Nash v. Reedel*, 86 F.R.D. 16, 17–18 (E.D. Pa. 1980). Moreover, "if a plaintiff is found to have brought or continued such a claim in *bad faith*, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense." *Christiansburg Garment Co.*, 434 U.S. at 422 (emphasis in original); *see also Nash*, 86 F.R.D. at 18 (considering also whether plaintiff brought suit to "harass, embarrass, or abuse" the defendant).

Accordingly, on the court's own motion, we will consider whether the plaintiff should be ordered to pay all or part of the costs incurred by the defendant in connection with the prior voluntarily dismissed action, including reasonable attorney fees, if justified. The parties will be directed to file briefs on this issue, including any supporting affidavits or

declarations and any supporting evidence. Upon consideration of the materials submitted by the parties, we will enter a report and recommendation on the issue of an award of costs under Rule 41(d). In the interim, all other proceedings in this case will be stayed.

An appropriate order follows.

Dated: October 27, 2022

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge